# Exhibit "A"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  Sean Crawford | CASE NO.: 23-10866-pmm |
| Debtor | |
| Anne Crawford | CHAPTER 13 |
| Co-Debtor | |
| SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of Dwelling Series IV Trust | Judge: Patricia M. Mayer |
| v. | |
| Sean Crawford | |
| Anne Crawford | |
| Kenneth E. West | |
| Respondents | |

## SETTLEMENT STIPULATION

WHEREAS, on March 27, 2023, Sean Crawford (the "Debtor") filed a Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania;

WHEREAS, on April 12, 2024, SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of Dwelling Series IV Trust (the "Movant") filed a Motion for Relief from Automatic Stay pursuant to 11 U.S.C. Section 362(a) (the "Motion") regarding the Property located at 1320 72nd Avenue, Philadelphia, PA 19126 (the "Property");

WHEREAS, Movant and Debtor are desirous of settling the dispute among and between themselves;

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed by and among counsel for Movant, by and through its attorneys, Friedman Vartolo, LLP, and Debtor, by and through his/her counsel, Michael I. Assad, Esquire, as follows:

1. Commencing on May 1, 2024, Debtor shall resume making regular monthly post-petition mortgage payments in the amount of $1,040.39.

2. Creditor shall file a Post-Petition Fee Notice regarding the attorney fees and costs totaling $1,238.00 associated with the Motion for Relief.

3. Should Debtor fail to comply with any of the terms of this Stipulation, including but not limited to failure to make any regular monthly mortgage payment commencing after the cure of the post-petition arrearage, then Movant may send Debtor and counsel for Debtor a written notice of default of this Stipulation. If the default is not cured within ten (10) days of the date of said notice, counsel for Movant may file a Certification of Default with the Court. Said Certification of Default may include a certification of Debtor's failure to pay subsequent payments that fall due after the date of the notice of default. Upon Certification, the Court shall enter an Order granting relief from the automatic stay as to the Property.

4. In the event that Debtor converts his/her case to Chapter 11, the terms of this Stipulation shall remain in full force and effect. In the event that Debtor converts his/her case to Chapter 7, Debtor shall cure all pre-petition and post-petition arrears within ten (10) days of the date of conversion. Failure to cure the arrears shall constitute an event of default under this Stipulation and Movant may send a notice of default and certify default as set forth in the preceding paragraph.

5. The Debtor agrees that any Order granting relief from the automatic stay will include a waiver of Rule 4001(a)(3) and that Movant, its successors and/or assigns may act upon the Order immediately.

6. If the instant bankruptcy is dismissed, this Stipulation shall be void and shall not be binding upon the parties.

      7.     Attorney fees and costs for issuing a notice to cure, notice/certificate/affidavit of default, and order for relief are recoverable and may be added to the arrearage.

      8.     The provisions of this Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amount(s) not included in the instant Stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

      9.     Counsel for Debtor has authority to settle this matter on behalf of his/her client(s).

Date: August 7, 2024

/s/ Lauren M. Moyer
Lauren M. Moyer, Esquire
Friedman Vartolo, LLP
*Counsel for Creditor*

Date: August 7, 2024

/s/ Michael I. Assad
Michael I. Assad, Esquire
*Counsel for Debtor*

Date: August 7, 2024

/s/ Jack Miller for*
Kenneth E. West, Esquire
*Chapter 13 Trustee*

\* The Chapter 13 Trustee has no objection to the terms of the herein Stipulation, without prejudice to any of the Chapter 13 Trustee's rights and remedies.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Sean Crawford<br>Debtor<br>Anne Crawford<br>Co-Debtor<br><br>SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of Dwelling Series IV Trust<br>v.<br><br>Sean Crawford<br>Anne Crawford<br>Kenneth E. West<br>Respondents | CASE NO.: 23-10866-pmm<br><br>CHAPTER 13<br><br>Judge: Patricia M. Mayer |

**ORDER APPROVING SETTLEMENT STIPULATION**

AND NOW, this __8th__ day of __August__, 2024, it is hereby ORDERED and DECREED that the Settlement Stipulation resolving Creditor, SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of Dwelling Series IV Trust's Motion for Relief from Automatic Stay is hereby APPROVED.

BY THE COURT:

*Patricia M. Mayer*
_____
Patricia M. Mayer, Bankruptcy Judge